UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 14 - 613

-----------------------------------------X
MONTE JEFFREY,

                          Plaintiff,        **COMPLAINT**

-against-                                  PLAINTIFF DEMANDS
                                                          TRIAL BY JURY
THE CITY OF NEW YORK, POLICE OFFICER
RICHARD VELEZ, shield #22734, SERGEANT FNU
FIGUEROA, POLICE OFFICERS JOHN/JANE  SCANLON, M.J.
DOE(S) #S 1-10,

                        Defendants.
-----------------------------------------X

       Plaintiff MONTE JEFFREY, for his complaint, by his attorney LAW OFFICE OF DAVID A. ZELMAN, and upon information and belief, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff MONTE JEFFREY (hereinafter "JEFFREY" or "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about September 28, 2013 at approximately 7:00 P.M., JEFFREY was falsely arrested with excessive force by employees of the City of New York. As a result of the excessive force used by Defendants, JEFFREY suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over

Plaintiff's state law claims.

## III. PARTIES

3. JEFFREY at all times relevant hereto resided in Brooklyn, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICERS RICHARD VELEZ shield # 22734 (hereinafter "VELEZ") was an NYPD police officers, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. VELEZ is sued in his official and individual capacity.

6. Defendant SERGEANT FNU FIGUEROA (hereinafter "FIGUEROA") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. FIGUEROA is sued in his official and individual capacity.

7. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

8. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances,

regulations, policies, customs and usages of the State of New York and/or the City of New York.

### IV. FACTS

9. On or about September 28, 2013, at approximately 7:00 P.M., JEFFREY was standing at or near the intersection of Brooklyn Avenue and President Street in Brooklyn, New York, talking to his child's mother.

10. Police officers employed by CITY, including but not limited to VELEZ and FIGUEROA, approached JEFFREY and thereinafter assaulted JEFFREY and arrested him with excessive force, including punching JEFFREY in the face and body. As a result of the excessive force used by defendants, JEFFREY suffered facial and other injuries.

11. JEFFREY was handcuffed and transported to the 71th Precinct where he was detained in a holding cell for approximately 8 hours before being transported to Central Booking.

12. At arraignment, JEFFREY was charged with obstruction of governmental administration in the 2nd degree (PL 195.05), resisting arrest (PL 205.30), attempted assault in the third degree (PL 110/120.00(1)), and harassment in the second degree (PL 240.26(1)), and released on his own recognizance.

13. Upon information and belief, all charges against JEFFREY are still pending.

14. On or about the 16st day of October, 2013, JEFFREY's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of JEFFREY, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

15. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

16. Paragraphs 1 through 15 of this complaint are hereby realleged and incorporated by reference herein.

17. That Defendants had neither valid evidence for the arrest of JEFFREY nor legal cause or excuse to seize and detain him.

18. That in detaining JEFFREY without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. JEFFREY was but one of those persons.

19. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

20. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

21. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of JEFFREY's rights alleged herein.

22. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of JEFFREY's rights, subjected JEFFREY to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

23. By reason of the foregoing, JEFFREY suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

24. Paragraphs 1 through 23 are hereby realleged and incorporated by reference herein.

25. That the seizure, detention and imprisonment of JEFFREY was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

26. That Defendants intended to confine JEFFREY.

27. That JEFFREY was conscious of the confinement and did not consent to it.

28. That the confinement was not otherwise privileged.

29. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of JEFFREY's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

30. That by reason of the foregoing, JEFFREY suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

31. Paragraphs 1 through 30 are hereby realleged and incorporated by reference herein.

32. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

33. That Defendants had no legal cause or reason to use excessive force in effectuating JEFFREY's arrest.

34. That Defendants violated JEFFREY's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

35. That at the time of the arrest or while in custody, JEFFREY did not pose a threat to the safety of the arresting officers.

36. That JEFFREY was not actively resisting arrest or attempting to evade arrest.

37. That defendant CITY, through its officers, agents, and employees, unlawfully subjected JEFFREY to excessive force while effectuating his arrest.

38. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

39. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of JEFFREY's rights, subjected JEFFREY to excessive force while effectuating his arrest, in violation of his

rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

40. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of JEFFREY's civil rights, including but not limited to the right to be free from the application of excessive force.

41. That upon information and belief, in 2013, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

42. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

43. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

44. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of JEFFREY's rights alleged herein.

45. By reason of the foregoing, JEFFREY suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

46. Paragraphs 1 through 45 are hereby realleged and incorporated by reference herein.

47. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

48. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

49. That Defendants had no legal cause or reason to use excessive force in effectuating JEFFREY's arrest or after JEFFREY was arrested and in custody.

50. That at the time of the arrest, JEFFREY did not pose a threat to the safety of the arresting officers.

51. That JEFFREY was not actively resisting arrest or attempting to evade arrest.

52. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

53. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of JEFFREY's rights, subjected JEFFREY to excessive force while effectuating his arrest, in violation of the laws of the State of New York.

54. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of JEFFREY's civil rights, including but not limited to the right to be free from the application of excessive force.

55. By reason of the foregoing, JEFFREY suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (ASSAULT AND BATTERY)

56. Paragraphs 1 through 55 are hereby realleged and incorporated by reference herein.

57. That Defendants intended to cause harmful bodily contact to JEFFREY.

58. That Defendants, in a hostile manner, voluntarily caused JEFFREY'S injuries.

59. That Defendants' contact with JEFFREY constituted a battery in violation of the laws of the State of New York.

60. That by reason of the foregoing, JEFFREY suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

61. Paragraphs 1 through 60 are hereby realleged and incorporated by reference herein.

62. That Defendants with malicious intent, arrested Plaintiff JEFFREY and initiated a criminal proceeding despite the knowledge that Plaintiff JEFFREY had committed no crime.

63. That all charges against Plaintiff JEFFREY were or will be terminated in his favor.

64. That there was no probable cause for the arrest and criminal proceeding.

65. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff JEFFREY's rights, deprived Plaintiff JEFFREY of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

66. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above

described policies and customs, Plaintiff JEFFREY was maliciously prosecuted despite the fact that he had committed no violation of the law.

67. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

68. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

69. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

70. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

71. That upon information and belief, in 2013, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

72. That by reason of the foregoing, Plaintiff JEFFREY suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

73. Paragraphs 1 through 72 are hereby realleged and incorporated by reference herein.

74. That Defendants acted with malicious intent, arrested Plaintiff JEFFREY and initiated a criminal proceeding despite the knowledge that JEFFREY had committed no crime.

75. All charges against JEFFREY are either still pending or have been dismissed or otherwise adjudicated.

76. That there was no probable cause for the arrest and criminal proceedings.

77. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of JEFFREY's rights, deprived JEFFREY of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

78. That by reason of the foregoing, JEFFREY suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XII. EIGHTH CAUSE OF ACTION
Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

79. Paragraphs 1 through 78 are hereby realleged and incorporated by reference herein.

80. That Defendant CITY had no legal cause nor excuse to detain JEFFREY for a prolonged period prior to arraignment.

81. That Defendant CITY detained JEFFREY excessively prior to arraignment in violation of JEFFREY's civil rights.

11

82. That Defendant CITY should have expeditiously investigated this matter and released JEFFREY.

83. By reason of Defendant's acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of JEFFREY's rights, deprived JEFFREY of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

84. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

85. That upon information and belief, in 2013, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

86. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

87. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

88. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of JEFFREY's rights alleged herein.

89. That Defendant, through its officers, agents and employees, unlawfully incarcerated JEFFREY for an excessive period of time prior to arraignment.

90. By reason of the foregoing, JEFFREY suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### XIII. NINTH CAUSE OF ACTION
Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

91. Paragraphs 1 through 90 are hereby realleged and incorporated by reference herein.

92. By fabricating evidence, defendants violated Plaintiff JEFFREY's constitutional right to a fair trial.

93. Defendants were aware or should have been aware of the falsity of the information used to prosecute Plaintiff JEFFREY.

94. As a result of the above constitutionally impermissible conduct, Plaintiff JEFFREY was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

### XIV. TENTH CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

95. Paragraphs 1 through 94 are hereby realleged and incorporated by reference herein.

96. That Defendants failed to intervene when Defendants knew or should have known that JEFFREY's constitutional rights were being violated.

97. That Defendants had a realistic opportunity to intervene on behalf of JEFFREY, whose constitutional rights were being violated in their presence.

98. That a reasonable person in the Defendants' position would know that JEFFREY's constitutional rights were being violated.

99. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of JEFFREY's rights, deprived JEFFREY of his liberty when they failed to intervene to protect him from Defendants' use of excessive force, in violation of JEFFREY's rights pursuant to Fourteenth Amendment of the United States Constitution.

100. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, JEFFREY was not protected from Defendants' unconstitutional actions.

101. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

102. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

103. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of JEFFREY's rights alleged herein.

104. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

105. That by reason of the foregoing, JEFFREY suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### XV. ELEVENTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

106. Paragraphs 1 through 105 are hereby realleged and incorporated by reference herein.

107. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

108. That at all times Defendants were acting within the scope of their employment.

109. That Defendant CITY was able to exercise control over Defendants' activities.

110. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, JEFFREY suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, JEFFREY has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of

liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, JEFFREY respectfully requests that judgment be entered:

1. Awarding JEFFREY compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding JEFFREY punitive damages in an amount to be determined by a jury;

3. Awarding JEFFREY interest from September 28, 2013 and

4. Awarding JEFFREY reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED:   Brooklyn, New York
         January 28, 2014

                                          _____
                                          DAVID A. ZELMAN, ESQ.
                                          (DZ 8578)
                                          612 Eastern Parkway
                                          Brooklyn, New York 11225
                                          (718)604-3072